**In re Robert & Odette VIRISSIMO, Debtors.**

**No. BK–S–05–13605–LBR.**

United States Bankruptcy Court, D. Nevada.

Oct. 31, 2005.

Mark Segal, Las Vegas, NV, for debtors.

James Lisowski, Las Vegas, NV, trustee.

### CERTIFICATION TO THE COURT OF APPEALS FROM THE BANKRUPTCY COURT

LINDA B. RIEGLE, Bankruptcy Judge.

Pursuant to § 1233 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), amendments were added to 28 U.S.C. § 158(d) which authorize appeals directly to the Court of Appeals, with that Court's consent, upon certification that certain grounds exist. Certification can be made by the bankruptcy court on its own initiative. 28 U.S.C. § 158(d)(2)(B)(i).[1] This certification arises

---

1. A certification is also being made in a separate case with identical issues. It would appear that the statute creates the classic "catch–22." If a court believes that certification is appropriate then it must certify before an appeal is docketed, as the effect of an appeal is to end the jurisdiction of the bankruptcy court. However, to do so the court is then in the position of certifying an appeal which might not be made. In this case the court is rather certain that one or both of the debtors will appeal because of the importance of the issue and the money at stake. However, if no appeal is timely docketed, then this

from a final order of the U.S. Bankruptcy Court for the District of Nevada entered on October 31, 2005.

The grounds for certification are that:

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

If the Court of Appeals authorizes the direct appeal of the judgment, the Court of Appeals has jurisdiction to hear the matter. 28 U.S.C. § 158(d)(2)(A).

**Issue Presented.**

Whether the amendments made by BAPCPA to 11 U.S.C. § 522(p), which limit the amount of the homestead available to those who have owned their homestead less than 1215 days, are applicable to Nevada debtors.

**Grounds for Certification**

This court fully recognizes and appreciates the work done by, and expertise of, the bankruptcy appellate panel and the district court in hearing and deciding appeals from the bankruptcy court. This court is also fully cognizant of the tremendous workload of the Ninth Circuit Court of Appeals. However, the issue presented in this case is one which will recur in Nevada as well as other districts in the Ninth Circuit and will impact the administration of bankruptcy estates until the issue is ultimately decided. As this involves the statutory construction of a hotly contested provision of BAPCPA and is a matter of first impression, there is no question that the Court of Appeals will ultimately be required to determine the question. Hence not merely one, but all three, of the criteria specified in § 158 exist and justify an immediate appeal in this case.

While as set forth in the Memorandum Opinion this court believes that the statute is applicable to Nevada residents and hence limits the amount of homestead which they may claim, another judge in the Ninth Circuit has held to the contrary. Each of our opinions is based upon an interpretation of the federal statute and not merely differing applications of our respective state statutes.

This issue is of significant importance to Sunbelt states and, in particular, Nevada. Nevada has experienced unprecedented growth in population as well as real estate appreciation over the last several years. Moreover, Nevada has an extremely liberal homestead exemption: $350,000 for those who filed bankruptcy on or after July 1, 2005. Hence many new Nevada citizens (those who have lived here less than 1215 days) or those who are first time home buyers will find themselves ensnared by the provisions of 11 U.S.C. § 522(p) even though they moved to Nevada or acquired their first home in Nevada without any intent to defraud their creditors. This affects the administration of bankruptcy estates. If the debtors are limited to $125,000 and not the applicable homestead ($200,000 or $350,000), trustees need to administer the asset by requiring the sale of the property.

The practical implications are immense. If this court's interpretation of the statute

certification is, of course, moot. In other words, the certification by this court does not eliminate the requirement that a timely notice of appeal must be filed by a party who seeks an appeal of this matter.

is correct, the trustee is entitled to sell the property to receive the excess proceeds for the estate. If this court is not correct, then the debtor may exempt up to $350,000 and, in most cases, no sale will be required. Until the ultimate determination is made, debtors will not be able to get a fresh start, debtors will not know whether they will be forced to sell their homestead and find a new home, and trustees will not be able to expeditiously administer the estate.

Accordingly, this court respectfully certifies this issue to the Ninth Circuit Court of Appeals.